**AFFIRM; and Opinion Filed February 25, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00218-CR

**DARREN DWYONE GREEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F11-62506-K**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Darren Dwyone Green appeals his conviction for the offense of continuous sexual abuse of a child. In a single issue, appellant contends the evidence is insufficient to support the conviction because the State failed to prove he committed the sexual acts in a period of thirty days or more. We affirm the trial court's judgment.

Appellant was indicted for intentionally or knowingly, during a period that was thirty days or more in duration, committing two or more acts of sexual abuse against J.F., a child younger than 14 years of age, by penetration of the female sexual organ by appellant's finger and by contact between appellant's hand and J.F.'s genitals, with the intent to arouse and gratify appellant's sexual desire. *See* TEX. PENAL CODE ANN. § 21.02(a) (West Supp. 2014). Appellant entered an open plea of guilty. A jury found appellant guilty and assessed his punishment at forty years' confinement.

In a single point of error, appellant contends the evidence is insufficient to support his conviction. Appellant does not challenge the sufficiency of the evidence to show he committed two or more acts of sexual abuse. His challenge is limited to whether the evidence is sufficient to show the acts were committed during a period of thirty days or more.

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

At the time of trial in February 2013, J.F. was twelve years' old and about two weeks away from her thirteenth birthday. She testified that appellant was her father's cousin and she had a "family like" relationship with him. For a few months, J.F., her mom, and her siblings lived in an apartment with appellant and her uncle. They later moved out of that apartment into their own apartment next door. J.F. testified that, at some point, her relationship with appellant changed and he started doing bad things to her. J.F. described at least five occasions on which appellant committed acts of sexual abuse against her. We do not recount the details of the acts as they are familiar to the parties and not necessary to the disposition of this appeal.

J.F. testified that she was eleven at the time of the first act and all later acts. She said the first act happened toward the end of July or the beginning of August. J.F. testified the next act occurred "[m]aybe in August." J.F. described another act of sexual abuse that occurred at the

end of September or maybe in October. The next act occurred after Thanksgiving. J.F. described one more act, the last one, that also occurred when she was eleven, but she did not remember exactly when it happened. J.F.'s mother called the police after she read text messages on J.F.'s phone describing to a friend what had happened.

On cross-examination, defense counsel asked J.F. if the first incident occurred when her family was living with appellant or living in their own apartment. J.F. testified that they lived next door. Defense counsel asked if it was true that J.F. did not move next door until October and J.F. replied, "No." On redirect, J.F. testified that the first incident occurred before the school year started, sometime in July or August, and the last incident she remembered was in November. She stated she knew for sure the acts started before she went back to school and ended sometime in November.

J.F.'s mother testified that she moved in with appellant and her kids' uncle sometime in June and got her own place in October. A CPS worker testified that she interviewed J.F. on November 28, 2011.

Appellant testified and denied committing any acts of sexual abuse against J.F.

Appellant maintains the evidence is insufficient because J.F. was unequivocal that the abuse began after she moved out of appellant's apartment and her mother testified that the move occurred sometime in October. According to appellant, because J.F. testified that the last act was in November, sometime after Thanksgiving, a jury could not have concluded without speculation that the acts of sexual contact were committed over a period of thirty days or more. We disagree.

J.F. testified the first act of sexual abuse occurred in July or August and the last act she remembered occurred in November. This testimony alone is sufficient to prove appellant committed the acts of sexual abuse over a period of thirty days or more. While J.F.'s testimony that she lived next door to appellant when the abuse began was inconsistent with her mother's

–3–

testimony that they lived with appellant until October, the jury was free to resolve those inconsistencies in favor of the verdict. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support appellant's conviction. We overrule appellant's point of error.

We affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.

130218F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARREN DWYONE GREEN, Appellant

No. 05-13-00218-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F11-62506-K.
Opinion delivered by Justice Brown. Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of February, 2015.